IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SCOTT THOMAS HAZEL,**

                **Plaintiff,**

                                                CIVIL ACTION
    vs.                                            No. 05-3388-SAC

**DILLARD DEPARTMENT STORE, et al.,**

                **Defendants.**

<u>ORDER</u>

This matter is before the court on a form civil complaint for filing under 42 U.S.C. 1983 by a prisoner confined in the Johnson County Adult Detention Center in Olathe, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

Pursuant to 28 U.S.C. 1915(b)(1), plaintiff must pay the full $250.00 filing fee[1] in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[2] the court grants plaintiff leave to proceed in forma pauperis in

---

[1] *See* 28 U.S.C. 1914(a)($250.00 district court filing fee, reflecting increase pursuant to Omnibus Appropriations Act of 2005).

[2] *See* <u>Hazel v. Guyer</u>, Case No. 04-3406-SAC (remainder of $150.00 district court filing fee).

the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

Plaintiff cites his recent conviction for theft and criminal use of a credit card, and alleges two Dillard's sales associates provided false information and testimony regarding plaintiff's use of a credit card in a Kansas department store. Plaintiff names Dillard's Department Stores, Inc., and the named sales associates as defendants, and seeks damages on allegations of false imprisonment, malicious discrimination and profiling on the basis of race and sex, and defamation.

However, "[t]o state a claim under [42 U.S.C.] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988)(emphasis added). Because the defendants named in the complaint clearly include no person or entity "acting under color of state law," the court finds the complaint should be dismissed as stating no claim for relief under 42 U.S.C. 1983. Nor do plaintiff's allegations suggest that amendment of the complaint might reasonably result in a cause of action under 42 U.S.C. 1983, or establish jurisdiction to proceed in federal court on

any state tort claims against the named defendants.

Additionally, it is well recognized that plaintiff's claim for damages against the individual defendants is barred by absolute immunity. *See* Briscoe v. LaHue, 460 U.S. 325, 329-33 (1983)(witnesses who testify in criminal trials are entitled to absolute immunity from damages liability arising out of their allegedly perjurious testimony).

The court thus concludes the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii)-(iii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines ...the action...fails to state a claim on which relief may be granted, or...seeks monetary relief against a defendant who is immune from such relief.").

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 11th day of October 2005 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge